IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 3:08-CR-267-D (05) |
| | § | |
| SERGIO DIAZ | § | |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in a forfeiture allegation (Count Three) in the Indictment and a Bill of Particulars filed in this case, the United States of America ("the Government") alleged that the following property ("the property") was subject to forfeiture from defendant Sergio Diaz ("Diaz"), pursuant to his conviction on Count One and 21 U.S.C. § 853(n):

The real property located and situated at 3730 Cotton, Dallas, Dallas County, Texas; 3742 Cotton, Dallas, Dallas County, Texas; 3802 Cotton, Dallas, Dallas County, Texas; and 3806 Cotton, Dallas, Dallas County, Texas, further described as the following:

TRACT ONE:
BEING a part of Lot 3 in Block B/6096 of HONEY SPRINGS GARDENS ADDITION (unrecorded), and being in the D. M. McFarland Survey Abstract No. 985, Dallas, Dallas County, and also being a part of the same tract of land conveyed to Thomas L. Brooks and recorded in Volume 41, Page 613, Deed Records, Dallas County Texas, and being more particularly described as follows:
BEGINNING at an iron rod for a corner on the Northeast line of Cotton Lane, South 31 degrees 15 minutes East, 437.40 feet from the intersection of the Southwest line of Bulova Street and the Northeast line of Cotton Lane:
THENCE North 31 degrees 15 minutes West with the Northeast line of Cotton Lane, 149.00 feet to an iron rod for a corner:
THENCE North 60 degrees 51 minutes 37 seconds East, 121.13 feet to an iron rod for a corner on the West line of Interstate No. 45:
THENCE South 23 degrees 54 minutes 25 seconds East with the West line of Interstate No. 45, 149.60 feet to an iron rod for a corner:

**Preliminary Order of Forfeiture (Diaz) - Page 1**

THENCE South 60 degrees 51 minutes 37 seconds West, 105.03 feet to the POINT OF BEGINNING     and containing 0.564 acres of land more or less; and being part of the same tract of land conveyed to Ocie L. Fisher by deed dated April 22, 1982, recorded in Volume 82087, Page 2227, Real Property Records, Dallas County Texas.

TRACT TWO:
Lot 5E in Block B/6096 of the Revision of Lots 5 through 7 Block B/6096, of HONEY SPRINGS GARDENS UNRECORDED ADDITION, an addition to the City of Dallas, Dallas County, Texas, according to the Map or Plat thereof recorded in Volume 19, Page 321, Map Records, Dallas County, Texas; SAVE AND EXCEPT that portion of said Lot 5E conveyed by A. W. Hathcock, Jr. and wife, Alene Hathcock, to the State of Texas for highway purposes by Deed dated 2/23/68, filed 3/26/68, recorded in Volume 68061, Page 1029, Real Property Records Dallas County, Texas.

TRACT THREE:
Lot 5D in Block B/6096, of the Revision of Lots 5 through 7 Block B/6096, of HONEY SPRINGS GARDENS UNRECORDED ADDITION, an addition to the City of Dallas, Dallas County, Texas, according to the Map or Plat thereof recorded in Volume 19, Page 321, Map Records, Dallas County, Texas: SAVE AND EXCEPT that portion of said Lot 5D conveyed by A. W. Hathcock, Jr. and wife, Alene Hathcock, to the State of Texas for highway purposes by Deed dated 2/23/68, filed 3/26/68, recorded in Volume 68061, Page 1029, Real Property Records Dallas County, Texas.

TRACT FOUR:
BEING a part of Lot 4 in Block B/6096 of HONEY SPRINGS GARDENS ADDITION (unrecorded), and being in the D. M. McFarland Survey, City of Dallas, Dallas County, Texas, and also being a part of the same tract of land conveyed to Thomas L. Brooks and recorded in Volume 69237, Page 1799, Real Property Records, Dallas County, Texas, and being more particularly described as follows:
BEGINNING at an iron rod for a corner on the Northeast line of Cotton Lane South 31 degrees 15 minutes East, 586.40 feet from the intersection of the Southwest line of Bulova Street and the Northeast line of Cotton Lane:
THENCE North 31 degrees 15 minutes West with the Northeast line of Cotton Lane, 149.00 feet to an iron rod for a corner:
THENCE North 60 degrees 51 minutes 37 seconds East, 105.03 feet to an iron rod for a corner on the West line of Interstate Highway No. 45:
THENCE North 23 degrees 54 minutes 25 seconds East, with the West line of Interstate Highway No. 45. 149.60 feet to an iron rod for a corner:
THENCE South 60 degrees 51 minutes 37 seconds West, 88.92 feet to the POINT OF

BEGINNING and containing 0.379 acres of land more or less: and being part of the same tract of land conveyed to Ocie L. Fisher by deed dated April 22, 1982, recorded in Volume 82087, Page 2227, Real Property Records, Dallas County, Texas;

WHEREAS, Diaz pleaded guilty to Count One of the Indictment, but contested forfeiture of the property to the Government;

WHEREAS, the Court referred to United States Magistrate Judge Irma Carrillo Ramirez for determination and/or recommendation all issues concerning the determination of the property to be forfeited by Diaz to the Government pursuant to the forfeiture allegation (Count Three);

WHEREAS, the Government and Diaz agreed not to have a hearing, but to submit briefs upon which Magistrate Judge Ramirez would decide the forfeiture issue;

WHEREAS, the Government filed its Motion and Brief for Recommendation of Forfeiture, and Diaz subsequently submitted his Motion and Brief for Denial of Forfeiture;

WHEREAS, on September 18, 2009, Magistrate Judge Ramirez issued findings, conclusions, and a recommendation stating the Government's motion should be granted and Diaz's motion denied, and a copy of those findings, conclusions, and recommendation was served on the Government and Diaz that day;

WHEREAS, no specific written objections to Magistrate Judge Ramirez's findings, conclusions, and recommendation were filed within ten countable days of September 18, 2009;

And WHEREAS, this Court accepts and adopts Magistrate Judge Ramirez's findings, conclusions, and recommendation and determines the Government has satisfied its burden

to establish a nexus between the offense alleged in Count One of the Indictment and the property, specifically that the property was used, or intended to be used, by Diaz to commit, or to facilitate the commission of, the offense alleged in Count One, and therefore is subject to forfeiture to the Government pursuant to 21 U.S.C. § 853(a)(2);

It is hereby ORDERED that the property is condemned and forfeited to the Government pursuant to and subject to the provisions of 21 U.S.C. § 853(n).

It is further ORDERED that pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), the property shall be seized by the United States Marshals Service (or its designee) and held in its secure custody and control pending a final order of forfeiture.

It is further ORDERED that, pursuant to 21 U.S.C. § 853(n)(1), the Government (or its designee) shall post on an official Government internet site (www.forfeiture.gov) for at least 30 consecutive days notice of this forfeiture, which describes the property with reasonable particularity; states the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be filed no later than 60 days after the first day of publication on an official internet government forfeiture site; and names and gives contact information for the Government attorney to be served with the petition John Kull and/or John J. de la Garza III, U.S. Attorney's Office, Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242.  This notice shall also state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the

petitioner's claim and the relief sought. The Government shall send, by means reasonably calculated to reach the person (including electronic mail), direct written notice to any person who reasonably appears to be a potential claimant.

It is further ORDERED pursuant to Fed. R. Crim. P. 32.2(b)(3) that the Government may apply to the Court to conduct any discovery that the Court considers proper to help identify, locate, or to dispose of the property, should the circumstances present themselves, and that, upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) in which all interests will be addressed.

**SO ORDERED**.

October 8, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE