IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:08-CR-267-D (05) |
| VS. | § | |
| | § | |
| | § | |
| SERGIO DIAZ, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM

When the court sentenced defendant Sergio Diaz ("Diaz") on October 9, 2009, it did not require as a condition of supervised release that he register as a sex offender. Nevertheless, the judgment filed on October 13, 2009 included this condition in error. On appeal, Diaz asserted this as error, and the Fifth Circuit vacated the sentence in part and remanded to this court to conform the written judgment in accordance with the Fifth Circuit's opinion. The mandate has now been issued and filed in this court.

The court has verified with counsel that this correction can be made by amended judgment, without the need for a resentencing hearing. Accordingly, the court hereby notifies counsel and the parties pursuant to Fed. R. Crim. P. 36 that it has corrected this clerical error by amended judgment filed today.[*]

---

[*]It is unclear why Diaz raised this as a point on appeal rather than seeking relief under Rule 36, which provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

This memorandum is being docketed for purposes of providing notice to the parties under Rule 36 of the reason for filing the amended judgment.

March 18, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

Because the court did not pronounce this condition as part of the sentence, and there was nothing in the record to support imposition of such a condition, the court would have corrected the judgment without the necessity that Diaz seek appellate relief.