IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal Action No. 3:08-CR-267-D |
| VS. § | |
| § | |
| SERGIO DIAZ, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Sergio Diaz ("Diaz") moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. The government opposes the motion, contending that Diaz is ineligible for a sentence reduction. Because the court concludes that Diaz is ineligible for a sentence reduction under Amendment 782, it denies his motion.

I

In 2009 Diaz pleaded guilty to count one of an indictment, charging him with the offense of conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. § 846. Based on the type of drug (cocaine) and quantity, he was subject to a sentence of imprisonment ranging from a mandatory minimum period of 10 years to a maximum period of life in prison, if convicted. The presentence report (the "PSR") initially held Diaz accountable for 331.7 kilograms of cocaine and calculated his base offense level as 38. The government objected to the drug quantity, contending that Diaz

should be held accountable for an additional 253 kilograms of cocaine seized from other members of the conspiracy. The government maintained that these additional amounts "went through [Diaz's] truck yards and this was a jointly undertaken activity." PSR Addendum at 2 (summarizing government's objection). In an addendum to the PSR, the probation officer determined that "these additional amounts are accurately included as relevant conduct," and amended the PSR to hold Diaz accountable for 584.7 kilograms of cocaine (the sum of the initial 331.7 kilograms and the additional 253 kilograms). In doing so, the probation officer noted that "[t]he additional drug amounts do not impact the guideline calculations." *Id.* Although Diaz made other objections to the PSR, including objections to ¶¶ 40-46 and 55 that, while addressed to another guidelines issue, were based on the nature of his role in the conspiracy, he did not specifically object to the drug quantity, and his base offense level remained unchanged at 38. At the sentencing hearing, the court adopted the PSR and addendum. After reducing Diaz's base offense level by two levels for acceptance of responsibility, and an additional two levels under the safety valve, the total offense level was 34. With a criminal history category of I, the advisory guideline range of imprisonment was 151 to 188 months. The court sentenced Diaz to 151 months' imprisonment.

After the United States Sentencing Commission adopted Amendment 782 and made it retroactive, Diaz filed the instant motion for a sentence reduction under 18 U.S.C. § 3582(c). Following this court's standard screening procedure for addressing such motions, the United States Probation Office concluded that Diaz's motion should be denied because he is ineligible for a sentence reduction since the original and amended guideline ranges are

the same.[1] The government opposes Diaz's motion on the same basis. Given the positions of the probation office and the government and the issues involved, the court has appointed counsel for Diaz. Represented by the Federal Public Defender, Diaz maintains that he is eligible for a sentence reduction because the court erred at sentencing in determining the drug quantity, and when the correct drug quantity is used, he is eligible for a sentence reduction.

II

Diaz maintains that he is eligible for, and should receive, a sentence reduction because the court erred at sentencing in determining the quantity of cocaine for which he was accountable. He posits that the PSR addendum and the court incorrectly held him accountable for 584.7 kilograms of cocaine, rather than 331.7 kilograms, by adding 253 kilograms seized from other members of the conspiracy, without first making the "scope" and "foreseeability" findings required by U.S.S.G. § 1B1.1.[2] Diaz contends that although this error was harmless at the time of his original sentencing—because any drug quantity over 150 kilograms produced an offense level of 38—it is not harmless under the current

---

[1]There is some confusion in the record about the Probation Office's determination. The government states in its response to Diaz's motion that it disagrees with the probation officer's worksheet findings that Diaz is eligible for a sentence reduction. In fact, although the worksheet states at one point that Diaz *is* eligible, that is merely a preliminary determination made after assessing preliminary screening questions. The probation officer's final conclusion is that Diaz is *not* eligible for a sentence reduction because "[t]he amended guideline range of imprisonment remains the same as the original range." Worksheet at 4.

[2]Because the court is not addressing at this time the merits of Diaz's challenge to his sentence, it need not consider whether it was obligated at the sentencing hearing to make such findings in the absence of any specific objection by Diaz's counsel.

Guidelines, as amended by Amendment 782, and, if corrected, would afford him relief. Diaz therefore moves the court to strike the additional amount of cocaine, apply Amendment 782 to the quantity of cocaine for which he should have been held accountable (331.7 kilograms), and reduce his sentence accordingly.

III

In deciding a motion under 18 U.S.C. § 3582(c)(2), the court must first "determine if the defendant is eligible for a reduced sentence by determining whether the applicable sentencing range would have been different if the amended guideline ranges had been in effect when the defendant was sentenced." *United States v. Williams*, 477 Fed. Appx. 190, 191 (5th Cir. 2012) (per curiam) (citing *Dillon v. United States*, 560 U.S. 817, 825-26 (2010); U.S.S.G. § 1B1.10(b)(1)). "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guidelines provisions that were applied when the defendant was sentenced, and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). "This does not entail revisiting the factual determinations made at sentencing." *Williams*, 477 Fed. Appx. at 191-92 (citing *Dillon*, 560 U.S. at 825-27; *United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011) (holding that in § 3582(c)(2) proceeding, defendant cannot challenge drug quantity found by sentencing judge); U.S.S.G. § 1B1.10(b)(1)).

Diaz asks the court to make an exception to this general rule and revisit the factual determinations—specifically, the drug quantity—made at his original sentencing. In doing so, Diaz relies on *United States v. Mitchell*, 828 F.Supp.2d 576 (E.D.N.Y. 2011), in which

the court considered a motion for a sentence reduction under § 3582(c)(2). In *Mitchell* the court addressed "whether the 436.6 grams attributed to [the defendant] in the PSR and accepted by this Court at the sentencing is binding, or whether the Court may hold an evidentiary hearing to determine whether his amended guidelines range should be based on a lesser quantity of crack cocaine." *Id.* at 580. The court concluded that an evidentiary hearing was warranted because of "the unique circumstances of this case"—the defendant initially objected to the drug quantity but withdrew his objection at the sentencing hearing because it would not impact his base offense level. *Id.* at 582. The court found that the defendant "preserved his objection to challenge the drug quantity attributable to him in the event it would affect his base offense level." *Id.*

Diaz is not entitled to a revision of his drug quantity, a hearing on the instant motion, or a reduction of his sentence under *Mitchell*.

First, even if *Mitchell* were binding or persuasive, the "unique circumstances" of *Mitchell* are not present here because Diaz's counsel did not specifically object to the drug quantity. Although it is conceivable that his counsel did not object because the quantity did not affect the advisory guideline range calculation, the record, unlike in *Mitchell*, does not establish this. In *Mitchell* the defendant *did* initially object to the drug quantity, and he withdrew the objection precisely because it would not impact his base offense level. *Mitchell*, 828 F.Supp.2d at 582.

Second, even if *Mitchell* were indistinguishable from Diaz's case, the Fifth Circuit has not recognized the exception found in *Mitchell*. In *United States v. Hernandez*, 645 F.3d 709

- 5 -

(5th Cir. 2011) (per curiam), the defendant appealed the denial of his § 3582(c)(2) motion for a sentence reduction based on the retroactive amendment to the crack cocaine guideline. *Id.* at 711. At the defendant's original sentencing, the sentencing judge adopted the PSR over the defendant's objection to the drug quantity, in which he asserted that the evidence was insufficient to support such quantity. *Id.* at 710, 712. The Fifth Circuit held that

> the district court did not abuse its discretion in refusing to modify [defendant's] sentence or in refusing to grant an evidentiary hearing to decide the amount of crack for which [defendant] was responsible. On the record before us the sentencing district judge adopted the 32.5 kilogram quantity found by the PSR . . . . [Defendant] did not challenge that finding on appeal . . . . Thus, [his] efforts to relitigate whether the penalty was properly applied are not cognizable at this stage, and his sentence cannot be modified.

*Id.* at 712 (citing *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994) (observing that § 3582(c)(2) proceeding is not appropriate vehicle for relitigating sentencing issue)); *see also United States v. Gilyard*, 602 Fed. Appx. 201, 202 (5th Cir. 2015) (per curiam) (citing *Hernandez*, 645 F.3d at 712; U.S.S.G. § 1B1.10, comment. (n.1(A))) ("As Amendment 750 did not lower [defendant's] guidelines sentence range based upon the drug quantities found at his original sentencing, [he] was not eligible for a sentence reduction under § 3582(c)(2), and [he] cannot challenge the drug quantities found at sentencing in a § 3582(c)(2) proceeding.")

Accordingly, the court holds that Diaz's attempt to challenge the quantity of cocaine for which he was held accountable at his original sentencing is an impermissible "attempt to relitigate the facts underlying his original sentence [and] exceeds the scope of a § 3582(c)(2)

proceeding." *United States v. Hughes*, 544 Fed. Appx. 534, 535 (5th Cir. 2013) (per curiam) (citing *Hernandez*, 645 F.3d at 711). And because the amount of cocaine for which Diaz has been held accountable is 584.7 kilograms, which produces a base offense level of 38 even after applying Amendment 782,[3] Diaz is not eligible for a sentence reduction under Amendment 782.

* * *

For the reasons explained above, Diaz is not eligible for resentencing, and his motion to reduce his sentence is denied without prejudice to his pursuing such habeas relief, if any, as may be available to him.

**SO ORDERED**.

October 28, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3]The base offense level for 584.7 kilograms of cocaine was not changed by Amendment 782.